**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO: 8:12-cr-25-MSS-AAS**

**ANDRE KING**

---

**ORDER**

**THIS CAUSE** is before the Court for consideration of Defendant Andre King's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). (Dkt. 72) The Government has not filed a response to Mr. King's Motion, and the time to do so has passed. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Mr. King's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I. BACKGROUND

On April 27, 2012, Mr. King pleaded guilty to two counts of use and brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A). (Dkt. 30) Mr. King moved to withdraw his guilty plea on May 10, 2012, (Dkt. 38), and Judge Susan C. Bucklew[1] denied the motion on May 21, 2012. (Dkt. 43) On August 17, 2012, the Court entered judgment sentencing Mr. King to thirty-two years (384 months) of imprisonment, which included a term of seven years (84

---

[1] This case was reassigned to the undersigned on January 14, 2025 after Judge Bucklew retired. (Dkt. 73)

months) as to Count Two, and a consecutive term of twenty-five years (300 months) as to Count Four. (Dkt. 51) Mr. King was also sentenced to a four-year term of supervised release on each count, to run concurrently. (Id.) At the time the Court sentenced Mr. King, the two convictions carried mandatory, consecutive sentences of 7 years and 25 years, respectively. 18 U.S.C. § 924(c)(1) (2008).

Mr. King is currently 47 years old and incarcerated at Memphis FCI. See https://www.bop.gov/inmateloc/ (last accessed July 31, 2026). He has served over 14 years of his custodial sentence and is not projected to be released until June 24, 2039. (Id.) Mr. King requests that his custodial sentence be reduced to the sentence he would receive if sentenced today. (Dkt. 72 at 2)

## II. LEGAL FRAMEWORK

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission's policy statement is found in § 1B1.13 and the accompanying Application Notes. In November 2023, an amended version of § 1B1.13 became effective which added new grounds for relief under 18 U.S.C. § 3582(c)(1)(A)(i) in response to the First Step Act of 2018.[2] Congress enacted the First Step Act of 2018, which expanded the scope of § 3582(c)(1)(A), with the aim of "increasing the use and transparency of compassionate release." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018). The policy statement now defines "extraordinary and compelling reasons" as (1) the medical condition of the defendant, (2) the advanced age of the defendant, (3) the defendant's family circumstances, (4) the defendant was a victim of abuse, (5) "other reasons,"[3] and (6) the defendant is subject to an unusually long sentence. § 1B1.13(b).

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in § 1B1.13, district courts must also consider "all applicable" § 3553(a) factors. United States v. Cook, 998 F.3d 1180, 1183-84 (11th Cir. 2021); see also United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

In sum, "[b]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a

---

[2] See U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited January 16, 2026).

[3] The policy statement defines "other reasons" to mean: "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and ... (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." Tinker, 14 F.4th at 1237. "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one . . . ." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). Generally, the defendant bears the burden of establishing a sufficient basis for compassionate release. United States v. Aguilar, No. 4:12-CR-9-MLB, 2022 U.S. Dist. LEXIS 70148, 2022 WL 1125385, at *2 (N.D. Ga. Apr. 15, 2022) (citing United States v. Jenkins, No. 1:08-CR-0209, 2021 U.S. Dist. LEXIS 68020, 2021 WL 1311044, at *4 (N.D. Ga. Apr. 8, 2021); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014) (addressing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)). The defendant may move for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it." United States v. Lee, 848 F. App'x 872, 874 (11th Cir. 2021) (quoting Harris, 989 F.3d at 911 (internal quotation marks omitted)).

## III. DISCUSSION

### a. Exhaustion

Mr. King attaches to his Motion a document that declares under penalty of perjury that he submitted a request for release to the Warden on December 3, 2024, and his request was denied on December 19, 2024. (Dkt. 72 at 11) Mr. King also attaches the Warden's denial. (Id. at 12) The document bears a signature from "C. Harrison, Warden[,]" and it denies a request for reduction in sentence based on the Bureau of Prison's deemed extraordinary and compelling circumstances. (Id. at 12) The Warden's denial letter suggests that further administrative appeals were available to Mr. King. (Id.) However, exhaustion is satisfied under 18 U.S.C. § 3582(c)(1)(A) either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Mr. King filed his request for compassionate release on January 13, 2025, more than 30 days after he requested the Warden file a motion on his behalf. While some courts have read the statute to allow a motion under the second prong only if the Warden fails to answer within 30 days, see, e.g., United States v. Caracas Vergara, No. 8:16-cr-408-VMC-TGW, 2021 WL 463769, at *2 (M.D. Fla. Feb. 9, 2021), other courts have read the statute to give the incarcerated person the option to engage in administrative appeals or to file an action in the district court more than 30 days after the warden received the request, regardless of whether the warden timely denies the request. See, e.g., United

States v. Smith, 482 F. Supp. 3d 1218, 1224 (M.D. Fla. 2020) (finding the defendant satisfied the exhaustion requirement because "[a]fter the Warden denied the request, Smith opted not to pursue the available appeals process, and instead, more than 30 days after submitting his request he moved for compassionate release").

Regardless of the correct reading of the statute, the Court will proceed to the substance of the Motion because the Government did not respond to the Motion or assert that Mr. King failed to exhaust his administrative remedies. See Harris, 989 F.3d at 911 (citing Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1849-50 (2019)) (finding that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, rather than a jurisdictional requirement, and that any objection to § 3582(c)(1)(A)'s exhaustion requirement may be forfeited if the party asserting the rule, i.e. the United States, fails to argue that defendant failed to exhaust). As such, the Court considers Mr. King's Motion to be ripe for review on the merits.

**b. Merits of Claim to Relief Pursuant to Section 1B1.13(b)(6)**

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction[.]" Id. As noted above, § 1B1.13, as amended, includes a category in the guideline text for "Unusually Long Sentence[s]," which may qualify as extraordinary and compelling where, among other things, "a change in the law ... would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. . . ."

§ 1B1.13(b)(6).

According to Mr. King, his sentence is over-long because of a sentencing disparity in sentences for Section 924(c) offenses now that the First Step Act has eliminated the stacking of long consecutive mandatory minimum sentences for Section 924(c) offenses. (Dkt. 190 at 5-6) For support, Mr. King relies on § 1B1.13(b)(6), which provides:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Since Mr. King filed his motion, however, the Supreme Court issued its decision in Rutherford v. United States, 608 U.S. ---, 146 S. Ct. 1320 (2026), which precludes his requested relief.

**i. Mr. King is Ineligible for Relief**

As an initial matter, the Court acknowledges that may possibly be a disparity today between Mr. King's initial sentence and the sentence that would be imposed if the United States proceeded only on the charges to which the Mr. King entered a plea,[4]

[4] It is important to note that the Defendant entered a plea to two of the ten charges he faced at the time of his sentencing. It is unclear whether the United States would have agreed to dismiss all eight of those charges had the Defendant been subject to only 14 years in prison. In fact, counsel stated on the record that the Government agreed to dismiss the 924(c) offense

given changes in the law. Since Mr. King's original sentence was imposed, Congress amended § 924(c). Section 403 of the First Step Act prohibits "stacking" of § 924(c) charges. See United States v. Hewlett, No. 5:93-CR-137-SLB-SGC-2, 2020 WL 7343951, at *6 (N.D. Ala. Dec. 14, 2020) ("In 2018, Congress passed the First Step Act and changed the language of Section 924(c) to avoid the 'stacking' of Section 924(c) convictions charged in the same indictment; under the First Step Act, only a Section 924(c) violation committed after a prior conviction for a Section 924(c) offense has become final triggers an extra-long consecutive mandatory minimum sentence.") Congress, however, did not make this change retroactive. See First Step Act § 403(b), Pub. L. No. 115-391, 132 Stat. 5194, 5222; see also United States v. Nesbitt, No. 21-10109, 2021 WL 4947105, at *1 (11th Cir. Oct. 25, 2021) ("[T]he First Step Act amendment to § 924(c) was not made retroactively applicable[.]").

As relevant here, the statutory mandatory minimum for Mr. King's § 924(c) convictions for brandishing a firearm in connection with a crime of violence has not changed from the time his sentence was imposed, that is Mr. King would still receive 7 years for his first § 924(c) conviction under Count Two, see § 924(c)(1)(A)(ii). As for his § 924(c) conviction under Count Four, where his second conviction previously carried 25 years, it would carry only 7 years under current law. See 18 U.S.C. § 924(c)(1)(A)(ii). Now, two convictions of § 924(c) would require two

in Count Six, which would have carried an additional twenty-five-year sentence, in exchange for the Defendant pleading to Counts Two and Four for which he faced a 33-year sentence. (Dkt. 39 at 18:10–19:16) It is especially difficult in this case, therefore, to say what would have happened in 2012 had the law been what it currently is today.

consecutive seven-year sentences. 18 U.S.C. 924(c).

In Rutherford, however, the Supreme Court held that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction." 146 S. Ct. at 1330 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (alterations in original). The Court further explained:

> As for "compelling": It is hard to see how Congress's deliberate decision *not* to extend newly reduced penalties to those already sentenced could be a convincing reason that "warrant[s]" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). As we have explained, Congress decided to apply the lower prison sentence to some violators of § 924(c)—those for whom a sentence had not yet been imposed—but not others. § 403(b), 132 Stat. 5222. In doing so, Congress "reinforced its interest in finality and avoided burdening district courts with additional litigation." *Hewitt*, 606 U.S., at 437–438, 145 S.Ct. 2165 (plurality opinion).[5] Treating the disparity resulting from § 924(c)'s amendment as a compelling reason for reducing a sentence would undermine Congress's choice to leave the sentence intact.

Id. at 1330–31. As a result, binding Supreme Court precedent prevents this Court from reducing Defendant's sentence on this basis.

**ii. The Section 3553(a) Factors Militate Against Release**

Finally, even if the length of Defendant's sentence qualified as an "extraordinary and compelling reason" supporting compassionate release, the Court may only reduce Mr. King's sentence if the Section 3553(a) factors weigh in favor of

[5] Hewitt v. United States, 606 U.S. 419, 437–38 (2025).

reducing his sentence. See Tinker, 14 F.4th at 1237. 18 U.S.C. § 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary," to achieve the purposes of sentencing. Specifically, under § 3553(a), sentences must reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. Id. § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims. Id. § 3553(a)(1)-(7).

The Court finds the § 3553(a) factors weigh against a sentence reduction. In particular, the nature and circumstances of Mr. King's offenses. The Government contended that between January 2010 and October 2011, Mr. King committed a series of robberies in the Middle District of Florida during which he carried and brandished firearms. (Dkt. 63) At his Plea colloquy, Mr. King admitted the following facts: On July 10, 2010, an armed robbery occurred at a Mobil gas station and convenience store located at 2510 Highway 60 East in Valrico, Florida. Defendant entered the store with a gun in his right hand, pointed it at the store manager, and demanded money from her. Ultimately, the store manager opened the cash drawer, Defendant took out the cash from the drawer and placed the gun in his pocket. He then had the manager open a plastic bag and put the cash into that bag. He then made a demand to try to get into the safe of the store, but the manager told him she could not open it. He then searched

through cabinets of the store, opened another cash drawer and took the cash from it. He then demanded the manager's purse and cell phone, which she successfully urged him not to take. Defendant left the store with approximately $600 stolen in the course of the robbery, and these events were recorded on the store's surveillance cameras. (Dkt. 39 at 22:15–23:10)

On September 25, 2011, Mr. King committed another armed robbery, this time at the Mobil gas station and convenience store located at 3185 Dover Road in Dover, Florida. The store clerk was working alone there on that date. When the Defendant entered, his face was masked, he had gloves, and he was armed with a pistol. He demanded money from the cash drawer. The clerk initially could not comply as he was running a daily report. The Defendant was then able to get into the cash drawer and he took money from that drawer as well as some money that was on the top of the safe. Defendant made the victim put all the money into a white plastic bag. The victim reported noticing that the pistol the Defendant carried was a black semi-automatic handgun. Defendant left the store with approximately $2,500, and these events were also recorded on the store's surveillance cameras. (Id. at 23:11–24:18)

Defendant was ultimately arrested on December 13, 2011, after he attempted to rob another convenience store with a firearm. The clerk at this location was armed with a firearm, and Defendant ran from the store, was chased by Tampa Police, and was ultimately apprehended after he crashed his car. He was interviewed shortly after and acknowledged he had committed several armed robberies. (Id. at 24:11–25:12)

Defendant also agreed to pay restitution to the victims of five of the dismissed

charges, which is at least a tacit acknowledgement of his responsibility for the harm caused. (Dkt. 63 at 6) Finally, upon arrest, although he initially contended the gun he carried was fake, Mr. King ultimately admitted that he had committed numerous armed robberies with a 9 millimeter semi-automatic pistol he had purchased on the street. (Id.; Dkt. 39 at 24:25–25:14)

Based on this record, the Court finds that the current sentence remains necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes by the defendant. See 18 U.S.C. § 3553(a)(2). Although the record would suggest this crime spree was aberrant behavior for this Defendant, it was nonetheless dangerous and it placed the community at significant risk. One victim no longer works or goes out at night because of the robbery. (Dkt. 63 at 5) Another victim quit her job as a store clerk after the robbery, and a third victim claims to have left the United States and returned to India as a result of the incident. (Id.) Reducing Mr. King's sentence would undermine the statutory purposes and pose a risk to public safety.

## IV. CONCLUSION

In sum, Mr. King has failed to demonstrate an extraordinary and compelling reason for modification of his sentence and that the relevant § 3553(a) factors favor modifying his sentence. Accordingly, it is hereby **ORDERED** that Mr. King's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. 190), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person